# United States District Court
# Central District of California

PIERRE W. NSILU,

        Plaintiff,

     v.

WELLS FARGO BANK, N.A., et al.,

        Defendants.

Case No. 2:18-cv-10433-ODW(Ex)

**ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [14]**

## I.    INTRODUCTION

Presently before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff Pierre W. Nsilu's First Amended Complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). (Mot. to Dismiss ("Mot."), ECF No. 14.) The instant suit represents Plaintiff's second lawsuit against Defendant, arising from what he alleges was the wrongful foreclosure of his home. (*See* First Am. Compl. ("FAC"), ECF No. 11.) For the following reasons, Defendant's Motion to Dismiss is **GRANTED with PREJUDICE.**[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On May 2, 2008, Plaintiff obtained a mortgage loan from Wells Fargo Bank, N.A. with Dee Dee Tulanda, who did not join in this suit. (*See* Req. for Judicial Notice ("RJN") Ex. A ("WF Deed of Trust"), ECF No. 15-1.) Plaintiff secured this loan of $417,000.00 with a first position Deed of Trust on Plaintiff's real property at 575 East 213th Street, Carson, California, 90745 ("Property"). (*see* WF Deed of Trust 2, 3; FAC ¶¶ 12–13.) Defendant recorded the deed on June 6, 2008. (WF Deed of Trust.) On May 29, 2008, Plaintiff obtained a second loan, borrowing $199,000.00 from Wachovia Bank, N.A., also secured by a Deed of Trust of Plaintiff's Property. (RJN Ex. C ("Wachovia Deed of Trust") 1, ECF No. 15-1.) Wachovia recorded the deed on June 3, 2008. (Wachovia Deed of Trust.) However, Plaintiff's FAC makes no claims regarding the second position loan. (*See generally* FAC.)

On September 1, 2010, Plaintiff defaulted on the first position loan with Defendant, which had accrued arrears in the amount of $206,309.92. (RJN Ex. D ("Notice of Default") 2, ECF No. 15-1.) However, the Notice of Default was not recorded until March 14, 2016. (Notice of Default 1.) In November 2011, Plaintiff entered into a forbearance agreement with Defendant. (FAC ¶¶ 17–18.) From this time until April 2013, Plaintiff repeatedly attempted to modify his loan but was unsuccessful. (*Id.*)

Between 2012 and 2016, the first position loan of $417,000.00 was assigned three separate times. (RJN Exs. E ("2011 Assignment"), F ("2013 Assignment"), G ("2016 Assignment"), ECF No. 15-1.) First, on December 16, 2011, Wells Fargo assigned the Deed of Trust to Federal Home Loan Mortgage Corporation ("FHLMC") who recorded the loan on January 6, 2012. (2011 Assignment.) Second, on October 7, 2013, FHLMC assigned the Deed of Trust to Defendant, who recorded it on October 17, 2013. (2013 Assignment.) Third, on April 8, 2016, Defendant assigned the Deed of Trust to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust ("Wilmington").

(2016 Assignment.)  The third assignment was recorded on June 6, 2016, after which Defendant retained no further interest in the loan.  (2016 Assignment.)

On September 2, 2016, Clear Recon Corp recorded a Notice of Trustee's Sale and set a Trustee's sale for October 11, 2016.  (RJN Ex. H ("First Notice of Trustee's Sale"), ECF No. 15-1.)

Plaintiff filed for bankruptcy twice in 2017, first on January 23, 2017, and again on February 14, 2017.  (RJN Exs. I ("January 2017 BK Docket") & J ("February 2017 BK Docket"), ECF No. 15-1.)  Both bankruptcy filings were dismissed for failure to file information.  (*Id.*)

On March 16, 2017, Plaintiff filed a complaint against Defendant in the Superior Court of California, County of Los Angeles, where he alleged: (1) violation of California Homeowner Bill of Rights; (2) statutory Unfair Competition—California Business and Professions Code § 17200, *et seq.*; (3) breach of the covenant of good faith and fair dealing; and (4) negligence.  ("First Action"); RJN Ex. K ("First Action Complaint"), ECF No. 15-1.)  Plaintiff then voluntarily dismissed the First Action with prejudice on July 21, 2017.  (RJN Ex. L ("First Action Request for Dismissal"), ECF No. 15-1.)

On September 4, 2018, Clear Recon Corp recorded a  Notice of Trustee's Sale, which set a new sale date of October 9, 2018.  (RJN Ex. M ("Notice of Trustee's Sale"), ECF No. 15-1.)  However, on October 8, 2018, one day prior to the Trustee's sale, Plaintiff filed his third bankruptcy petition.  (RJN Ex. O ("Voluntary Bankruptcy Petition"), ECF Nos. 15-2–15-3.)  In his petition, Plaintiff did not disclose his previously filed claim or any remaining potential claims against Defendant.  ("Voluntary Bankruptcy Petition",  Ex. O, at 17.) (requiring that petitioner schedule "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment.")

On November 1, 2018, Wilmington moved for relief from the automatic stay.  (RJN Ex. P ("Notice of Motion and Motion for Relief From the Automatic Stay"),

ECF No. 15-4.) On November 29, 2018, the United States Bankruptcy Court for the Central District of California granted Wilmington's unopposed motion for relief. (RJN Ex. Q ("Order Relief From Automatic Stay"), ECF No. 15-4.) On November 13, 2018, Plaintiff discharged his debt, and on January 23, 2019, the court closed Plaintiff's bankruptcy case. (*See* RJN Ex. N "Bankruptcy Case Docket, No. 2:18-bk-21796-RK), ECF No. 15-4.)

Plaintiff claims the Property was sold at the Trustee sale on December 18, 2019. (FAC ¶ 24.) Given this apparent typographical error and the context presented by the record, the Court considers December 18, 2018 as the date of the Trustee Sale, even though further documentation of the sale was not provided.

On December 17, 2018, Plaintiff again brought suit against Defendant, this time in the United States District Court, Central District of California. (Compl., ECF No. 1.) Plaintiff amended his Complaint on January 9, 2019, after Defendant moved to dismiss. (*See* FAC; Mot. to Dismiss, ECF No. 7.) The Court subsequently denied Defendant's first motion to dismiss Plaintiff's Complaint as moot. (Minute Order, ECF No. 17.) In his FAC, Plaintiff asserts the following claims: (1) negligence; (2) to set aside trustee sale; (3) cancel assignment of deed of trust; (4) breach of contract; (5) violation of California Business and Profession Code section 17200, *et seq.*; (6) slander of title; and (7) quiet title. (FAC ¶¶ 26-66.)

On January 25, 2019, Defendant moved to dismiss Plaintiff's FAC. (*See generally* Mot.)

### III. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal under a 12(b)(6) motion can be based on lack of a cognizable legal theory or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (citations and internal quotation marks omitted).

Although pro se pleadings must be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A court "may not supply essential elements of the claim that were not initially [pleaded]." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Moreover, a liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV. DISCUSSION

Defendant argues that Plaintiff's claims are barred by res judicata and judicial estoppel. (*See generally* Mot.) Additionally, Defendant requests the Court take Judicial Notice of several documents. (*See* RJN.) Accordingly, the Court first addresses whether judicial notice is appropriate before turning to the merits of Defendant's Motion.

**A. REQUEST FOR JUDICIAL NOTICE**

Although a court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion, it may consider documents incorporated by reference in the complaint or properly subject to judicial notice without converting the motion into one for summary judgment. *Lee*, 250 F.3d at 688–89. Federal Rule of Evidence 201

provides: "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of government documents and public records. *See Peruta v. Cty. of San Diego*, 678 F. Supp. 2d 1046, 1054 n.8 (S.D. Cal. 2010) (stating that courts may properly take judicial notice of undisputed documents appearing on governmental websites); *see also Miller v. Cal. Reconveyance Co.*, No. 10-cv-421-IEG (CAB), 2010 WL 2889103, at *3 n.1 (S.D. Cal. July 22, 2010) ("The [c]ourt will take judicial notice of the P & A Agreement between JPMorgan and the FDIC . . . because this agreement is a matter of public record whose accuracy cannot reasonably be questioned.").

In support of its Motion to Dismiss, Defendant requests that the Court take judicial notice of the following documents, pursuant to Federal Rule of Evidence 201:

- (A) Deed of Trust in favor of Wells Fargo Bank, N.A., dated May 2, 2008, and recorded on June 3, 2008, in the Los Angeles County Recorder's Office as Document No. 20080974805;
- (B) Agreement of Merger of Wells Fargo Home Mortgage, Inc. into Wells Fargo Bank National Association, filed with California Secretary of State on May 5, 2004;
- (C) Deed of Trust in favor of Wachovia Bank, National Association, dated May 29, 2008, and recorded on June 3, 2008, in the Los Angeles County Recorder's Office as Document No. 20080974806;
- (D) Notice of Default, dated March 14, 2016, and recorded on March 16, 2016, in the Los Angeles County Recorder's Office as Document No. 20160286670;
- (E) Corporate Assignment of Deed of Trust dated December 16, 2011, and recorded on January 6, 2012, in the Los Angeles County Recorder's Office as Document No. 20120022273;

- (F) Corporate Assignment of Deed of Trust dated October 7, 2013, and recorded on October 17, 2013, in the Los Angeles County Recorder's Office as Document No. 20131489130;
- (G) Corporate Assignment of Deed of Trust dated April 8, 2016, and recorded on June 6, 2016, in the Los Angeles County Recorder's Office as Document No. 20160645376;
- (H) Notice of Trustee's Sale, dated August 30, 2016, and recorded on September 4, 2016, in the Los Angeles County Recorder's Office as Document No. 20161056783;[2]
- (I) Bankruptcy Docket relating to Plaintiff's Voluntary Chapter 13 bankruptcy filed on January 23, 2017, with the United States Bankruptcy Court, Central District of California (Los Angeles), Case No. 2:17-bk-10790-SK;
- (J) Bankruptcy Docket relating to Plaintiff's Voluntary Chapter 13 bankruptcy filed on February 14, 2017, with the United States Bankruptcy Court, Central District of California (Los Angeles), Case No. 2:17-bk-11793-WB;
- (K) Complaint filed by Plaintiff on March 16, 2017, with the Los Angeles County Superior Court, Case No. TC028738;
- (L) Request for Dismissal with prejudice filed by Plaintiff on July 21, 2017, with the Los Angeles County Superior Court, Case No. TC028738;
- (M) Notice of Trustee's Sale, dated August 28, 2018, and recorded on September 4, 2018, in the Los Angeles County Recorder's Office as Document No. 20180889262;
- (N) Bankruptcy Docket relating to Pierre Nsilu's Voluntary Chapter 7 bankruptcy filed on October 8, 2018, with the United States Bankruptcy Court, Central District of California (Los Angeles), Case No. 2:18-bk-21796-RK;

---

[2] The Court notes that the RJN indicates the Notice was recorded on September 4, 2018. However, the Notice was actually recorded on September 2, 2016.

- (O) Petition and Schedules relating Pierre Nsilu's Voluntary Chapter 7 bankruptcy filed on October 8, 2018, with the United States Bankruptcy Court, Central District of California (Los Angeles), Case No. 2-18-bk-21796-RK;
- (P) Motion for Relief from the Automatic Stay (with exhibits) filed by Wilmington on November 1, 2018, with the United States Bankruptcy Court, Central District of California (Los Angeles), Case No. 2:18-bk-21796-RK;[3]
- (Q) Order Granting Motion for Relief from the Automatic Stay filed and entered on November 29, 2018, with the United States Bankruptcy Court, Central District of California (Los Angeles), Case No. 2:18-bk-21796-RK.

(RJN 1–4.)

Courts routinely take judicial notice of recorded deeds and similar instruments. *See Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1205 n.2 (N.D. Cal. 2012) (taking "judicial notice of the undisputable facts contained" in notice of default as a public record). As such, Exhibits A, C–H, and M are subject to judicial notice.

Exhibits I–L, and N–Q are proceedings in other courts, which are also subject to judicial notice. *See U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). However, when taking judicial notice of another court's record, a court may do so only for the existence of the document and not for the truth of the facts therein. *Lee*, 250 F.3d at 690; *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

Exhibit B, the Wells Fargo Merger Agreement, is referenced in Plaintiff's complaint and thus, is subject to judicial notice. (FAC ¶ 4.); *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (quoting *Marder v. Lopez*, 450 F.3d 455, 448 (9th Cir. 2006)) (taking judicial notice of "unattached evidence on

---

[3] The Court again notes a disparity between the RJN and the presented exhibit; the RJN indicates that Ex. P is a filing from the Northern District of California, when it is in fact a filing in the Central District.

which the complaint 'necessarily relies' if . . . no party questions the authenticity of the document").

Accordingly, the County Recorder documents and the Wells Fargo Merger Agreement are properly subject to judicial notice. The Court records, however, are only subject to judicial notice of their existence, not their truth. With this in mind, Defendant's request for judicial notice is **GRANTED**.

B. **RES JUDICATA**

Defendant contends that the doctrine of res judicata bars any claims that Plaintiff may have against Defendant. (Mot. 5.) In opposition, Plaintiff did not directly address whether res judicata bars his present claims. (*See generally* Opp'n to Mot. ("Opp'n"), ECF No. 16.)

Res judicata precludes a subsequent action where the following elements are met: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)). Although res judicata is an affirmative defense, a court may nevertheless dismiss an action based on facts alleged in the pleadings as well as any facts properly subject to judicial notice. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

### 1. Identity of Claims

As to the first element, identity of claims, courts consider the following:
(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
(2) whether substantially the same evidence is presented in the two actions;
(3) whether the two suits involve infringement of the same right; and
(4) whether the two suits arise out of the same transactional nucleus of facts.

*Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (quoting *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011)).

These criteria are not applied "mechanistically," *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016), and "[t]he fourth criterion is the most important," *Harris*, 682 F.3d at 1132. Whether two suits arise from the same transactional nucleus of facts "depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)). Thus, "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Stratosphere*, 298 F.3d at 1142 n.3 (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001)).

Plaintiff's current and former suits both arise from the foreclosure of the Property. After Plaintiff brought his First Action, the Property was sold at a trustee sale. However, the sale of Plaintiff's Property does not give rise to new facts, since Defendant's involvement in the matter and interest in Plaintiff's loan ceased prior to the First Action in 2016. Plaintiff's present claims relate entirely to facts that existed at the time of the First Action, such that the two suits could have been tried together. Thus, the two suits arise out of the same transactional nucleus of facts and there is identity of claims.

Accordingly, the first element is met.

### 2. Final Judgment on the Merits

Res judicata also requires a final judgment on the merits. *See Mpoyo*, 430 F.3d at 988. "Moreover, a voluntary dismissal, with prejudice . . . is considered a final judgment on the merits for the purposes of res judicata." *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1262 (N.D. Cal. 1991) (citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438–39 (9th Cir. 1985)). Here, Plaintiff voluntarily dismissed the First Action with prejudice on July 21, 2017. Accordingly, Plaintiff's voluntary dismissal constitutes a final judgment on the merits and the second element is met.

### 3. Privity of the Parties

Privity exists when a party "is so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Stratosphere Litig. L.L.C.*, 298 F.3d at 1142, n.3 (citation omitted). "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *Tahoe-Sierra Pres. Council*, 322 F.3d at 1081–82 (quoting *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)).

Plaintiff and Defendant were both parties to the First Action in the same capacity as in the instant matter. As such, the third element is met.

As all three elements are met, Plaintiff's claims are therefore barred by the doctrine of res judicata. Nevertheless, the Court will address Defendant's remaining arguments before turning to whether leave to amend is appropriate.

### C. JUDICIAL ESTOPPEL

Defendant argues that Plaintiff's claims are barred by judicial estoppel because Plaintiff did not disclose any pending or future claims against Defendant in his chapter seven bankruptcy filing. (Mot. 7–9.) Plaintiff did not address Defendant's judicial estoppel arguments in his Opposition. (*See* Opp'n.)

Judicial estoppel is an equitable doctrine invoked at the Court's discretion that "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* at 749–50 (citation and internal quotation marks omitted). The Supreme Court has identified the following elements for courts to consider in determining whether judicial estoppel is applicable: (1) "a party's later position . . . [is] clearly inconsistent with its earlier position"; (2) the party succeeded in persuading the first court to accept their earlier position; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage." *Id.* at 750–51.

In the bankruptcy context, judicial estoppel bars a cause of action when "a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge." *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013). "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001). Moreover, "[i]t is the awareness of the factual, not the legal, basis of a claim that triggers a bankruptcy petitioner's duty to list the claim as an asset." *Shokohi v. JP Morgan Chase Bank*, No. C 11-4947 MMC, 2011 WL 5412933, at *2-3 (N.D. Cal. Nov. 8, 2011)

Although courts may also consider whether the estopped party's omission was inadvertent, a presumption of "deliberate manipulation" applies except in the narrow circumstance where the plaintiff-debtor reopens bankruptcy proceedings and corrects the initial error. *Ah Quin*, 733 F.3d at 273.

### 1. Clearly Inconsistent Position

A plaintiff-debtor asserts an inconsistent position when claims are omitted from bankruptcy schedules, as the plaintiff-debtor thereby represents that no such claims exist. *Id.* at 271.

Here, Plaintiff filed for bankruptcy three times, and in his most recent case, which resulted in a discharge, Plaintiff failed to disclose any pending or potential claims against Defendant. By this third bankruptcy, Plaintiff had sufficient knowledge of a potential claim against Defendant, since Plaintiff had already brought and dismissed a lawsuit against Defendant. Given that Plaintiff neither disclosed his present claims nor amended his bankruptcy schedules, his position is inconsistent and cannot stand.

Accordingly, the first element is met.

### 2. Judicial Acceptance of Party's Earlier Position

"[A] bankruptcy court may 'accept' the debtor's assertions by relying on the debtor's nondisclosure of potential claims." *Hamilton*, 270 F.3d at 784 (finding that "a discharge of debt by a bankruptcy court, under these circumstances, is sufficient acceptance to provide a basis for judicial estoppel").

Here, the bankruptcy court accepted Plaintiff's prior assertions and relied on his nondisclosures when it discharged his debt.

Thus, the second element is met.

### 3. Unfair Advantage

A plaintiff-debtor obtains an unfair advantage when its debt is discharged without disclosing a pending lawsuit. *Ah Quin*, 733 F.3d at 271. Plaintiff enjoyed the benefit of three automatic stays and had his debt discharged without disclosing any potential claims against Defendant. Thus, Plaintiff would derive an unfair advantage and the third element is met.

Accordingly, all three elements of judicial estoppel are satisfied. Thus, Plaintiff's claims are also barred by the doctrine of judicial estoppel.

### D. LEAVE TO AMEND

In general, a court should liberally allow a party leave to amend its pleading. *See* Fed. R. Civ. P. 15(a); *see also Owens*, 244 F.3d at 712 (internal quotation marks omitted) ("[a] district court shall grant leave to amend freely when justice so requires; "this policy is to be applied with extreme liberality.") Further, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity*, 828 F.3d at 854 (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)). However, the Court may deny leave to amend where amendment would be futile. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). When "any amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (affirming the trial court's denial of leave to amend where

plaintiffs could not cure a basic flaw—inability to demonstrate standing—in their pleading).

Although pro se pleadings must be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A court "may not supply essential elements of the claim that were not initially [pleaded]." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Moreover, a liberal reading cannot cure the absence of such facts. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The court is sympathetic to Plaintiff's pro se status, but his claims against Defendant are ultimately futile. Given that Plaintiff's claims against Defendant are barred by both res judicata and judicial estoppel, further amendments would not cure such fatal deficiencies. Thus, leave to amend is not appropriate.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED with PREJUDICE**.

**IT IS SO ORDERED.**

July 10, 2019

_____
 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**